IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY HOLMES | : | CIVIL ACTION |
| v. | : | |
| THOMAS A. DREYER, ET AL. | : | NO. 10-2757 |

**M E M O R A N D U M**

TUCKER, J.                                                SEPTEMBER 24, 2010

      Plaintiff, an inmate, has filed a pro se civil rights complaint[1] in which he seeks money damages for alleged malicious prosecution, denial of effective legal representation at the trial and appellate levels of his criminal case, wrongful conviction, and denial of his right to due process.[2]

      Specifically, plaintiff alleges that his defense attorneys, Tracy Lee Frederick, Felicia Sarner, Michael D. Raffaele, and Thomas A. Dreyer, deliberately failed to provide effective representation at his criminal trial in order to "ensure that the trial jury found him guilty of a crime [of

---

1. Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which established a direct cause of action against federal officials for the violation of Constitutional rights. Although brought against a federal, rather than state, official, a Bivens action is analogous in all other respects to a civil rights action under 42 U.S.C. § 1983, and judicial decisions in § 1983 cases are applicable to Bivens cases.

2. Plaintiff's trial, criminal no. 08-0495, which resulted in his conviction, was held in the United States District Court for the Eastern District of Pennsylvania before the Honorable Harvey Bartle, III. Plaintiff's conviction was affirmed on appeal to the United States Court of Appeals for the Third Circuit in appeal no. 09-3811, by order dated July 23, 2010.

1

which] he is actually innocent." Plaintiff alleges that his appellate counsel, Thomas A. Dreyer, deliberately failed to provide effective representation on appeal so that his conviction would be affirmed. Plaintiff alleges that prosecutors, Bernadette McKeon and Jason Patrick Bologna, of the United States Attorney's Office for the Eastern District of Pennsylvania, selectively prosecuted him in Federal Court and knowingly introduced perjured testimony in order to secure his conviction. Finally, plaintiff alleges that the Clerk of the United States Court of Appeals for the Third Circuit, Marcia M. Waldron, wrongly denied his motion for removal of his appellate counsel. Plaintiff asserts that the Third Circuit Judges who heard his appeal, Thomas L. Ambro, Michael A. Chagares, and Joseph A. Greenaway, Jr., "had an obligation to oversee, and or rule on the plaintiff's motion to withdraw appellate counsel . . .," but that, instead, they allowed the Clerk of Court to rule on his motion.

With his complaint, plaintiff filed a motion for leave to proceed in forma pauperis, which is hereby granted. However, the complaint will be dismissed as legally frivolous, for the reasons which follow.

I. DISCUSSION

    A.    Standard of Review

Section 1915(e)(2) of Title 28 of the United States Code provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss

the case at any time if the court determines that . . . (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### B. Judicial Immunity

Judges have absolute immunity from civil rights actions seeking money damages for actions performed in a judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978); Mireles v. Waco, 502 U.S. 9 (1991). Because nothing in this complaint suggests that the judges who are named as defendants in this case acted outside of their judicial capacity, plaintiff's claim for damages against them must be dismissed.

### C. Prosecutorial Immunity

The United States Supreme Court has held that "[i]n initiating a prosecution and in presenting the state's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Because nothing in this complaint suggests that the prosecutors who are named as defendants in this case acted outside of the scope of their prosecutorial duties, plaintiff's claim for damages against them must be dismissed.

### D. Defense Attorney Liability

Plaintiff charges his defense attorneys with deliberate failure to provide effective representation, and with cooperating with prosecutors to have him convicted and to have his conviction

affirmed on appeal. In order to bring suit under federal civil rights laws, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (listing elements of a civil rights claim). The United States Supreme Court has determined that a defense attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999). This conclusion applies regardless of whether the defense attorney is court-appointed or privately retained. Black v. Bayer, 672 F.2d 309 (3d Cir.), cert. denied, 459 U.S. 916 (1982).

Based on the foregoing, and taking into account plaintiff's claim that his defense attorneys intentionally provided ineffective representation, the Court concludes that plaintiff's defense attorneys are not state actors for purposes of this lawsuit. Although a non-state actor who conspires with a state actor may be liable in a civil rights action, plaintiff's assertion that the defendants, acting in concert with the prosecutors in his criminal case, intentionally provided ineffective representation is unsupported by any credible fact or theory, and is dismissed for that reason. See Young v. Kann, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991) (conspiracy claims may be dismissed when based on plaintiff's mere suspicion and speculation). Thus, plaintiff's defense attorneys may not be

4

sued in this action, and plaintiff's claims against them must be dismissed.

**E.     Denial of Motion to Dismiss Appellate Counsel**

Plaintiff's claim that the Clerk of the Third Circuit Court of Appeals violated his civil rights by dismissing his motion to remove his appellate attorney is without merit. The removal of appellate counsel under the circumstances presented in plaintiff's motion is not permitted under 3rd Cir. LAR Misc. 109.1. Contrary to plaintiff's claim, the Clerk of Court was acting on behalf of the Court in conveying the Court's decision on plaintiff's motion, not her own decision. Thus, the Clerk of Court was performing a permissible ministerial function, which in no way interfered with plaintiff's right to have his appeal heard by the judges of that Court. As a public official acting pursuant to court directive, the Clerk of Court is entitled to immunity from suit, and plaintiff's claim against her must be dismissed. See Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir.), cert. denied, 396 U.S. 941 (1969).

**F.     Malicious Prosecution**

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a

5

conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnotes omitted).

Furthermore, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - <u>if</u> success in that action would necessarily demonstrate the invalidity of the confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original). Thus, unless plaintiff can demonstrate that his conviction or sentence has been invalidated, this civil rights action is barred.

Here, plaintiff's claims that he was maliciously prosecuted, denied effective legal representation, wrongly convicted, and denied due process, if proven, would "necessarily demonstrate the invalidity of the confinement or its duration." Id. However, because there has been no showing of an invalidated conviction or sentence, this civil rights action is barred, and plaintiff's claim for damages arising from his criminal prosecution and appeal must be dismissed.

Thus, even if plaintiff had stated a cognizable violation of his civil rights by any of the defendants in this case, which he has failed to do, this complaint would still be dismissed as legally frivolous.

## II. CONCLUSION

Section 1915(e)(2) of Title 28 of the United States Code authorizes the Court to dismiss "at any time" a civil action brought by a prisoner *in forma pauperis*. Because plaintiff has failed to advance any actionable violation of his constitutional rights, this case will be dismissed as legally frivolous at this time.

An appropriate order follows.